UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID WATTLETON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    C.A. No. 04-40176-RCL |
| | ) |
| HARRY LAPPIN, Director, | ) |
| Federal Bureau of Prisons, | ) |
| | ) |
|     Defendant. | ) |

MEMORANDUM AND ORDER ON APPLICATION TO
<u>PROCEED WITHOUT PREPAYMENT OF FEES</u>

LINDSAY, District Judge.

For the reasons stated below, the court denies without prejudice the application of the plaintiff to proceed without prepayment of the filing fee.

BACKGROUND

Plaintiff David Wattleton is currently in custody at FMC Devens in Ayer, Massachusetts. He was civilly committed in 2000 after being acquitted by reason of insanity of making telephonic bomb threats. *See United States v. Wattleton*, 110 F. Supp. 2d 1380 (N.D. Ga. 2000), *aff'd*, 296 F.3d 1184 (11th Cir.), *cert. denied*, 527 U.S. 924 (2002).

On September 1, 2004, Wattleton filed a pleading in this court captioned as a petition for a writ of mandamus (the "petition") as well as an application to proceed without prepayment of the $150.00 fee assessed for commencing a civil action. In his petition, Wattleton claims that his right of access to the courts has been denied, and he asks that the court require the defendant to provide Wattleton with "access to his legal documents, papers, property, free type-writer ribbon, correction tape, legal copies,

stamps and access to the law library." Pet. at 1. Wattleton claims that this relief is necessary to allow him to prepare a brief for filing in the Eleventh Circuit Court of Appeals.[1]

In his application to proceed without prepayment of the filing fee, Wattleton reports that he has not received income from any source in the past twelve months. He also represents that he does not have any cash, checking or savings accounts, or non-liquid assets. Wattleton did not provide any information concerning his trust fund account at FMC Devens or any other institution. Instead, Wattleton claims that he "does not have to submit an inmate account balance sheet" because he is not a prisoner within the meaning of 28 U.S.C. § 1915(h). Supp. Br. Supp. Mot. at 1.

## DISCUSSION

I.  The Application to Proceed *In Forma Pauperis*

The court denies the application of Wattleton to proceed *in forma pauperis*. Because it appears that the information Wattleton provided in his application is inaccurate, he has not made a showing that he is unable to pay the filing fee.

A.  Applicability of 28 U.S.C. § 1915(a)(1) to Wattleton

Wattleton is correct in stating that civilly committed patients are not "prisoners" within the meaning of 28 U.S.C. § 1915(h). *See Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir. 2001);

---

[1] At the time Wattleton filed his petition, he had at least two cases pending before the Eleventh Circuit Court of Appeals. *See In re: David Earl Wattleton*, No. 04-15543-G (11th Cir.); *In Re: David Wattleton*, No. 04-13607-G (11th Cir.); *see also Wattleton v. Beeler*, C.A. No. 03-03942-TWT (N.D. Ga.) (case from which the appeals to the Eleventh Circuit were taken). On August 20, 2004 and November 17, 2004, the Eleventh Circuit found Wattleton's appeals to be frivolous and denied his motions to proceed *in forma pauperis* on appeal. After Wattleton failed to file motions for reconsideration of the denial of his requests to proceed *in forma pauperis*, the court dismissed the appeals for lack of prosecution on October 1, 2004 and December 28, 2004.

*Trouville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002); *Page v. Torrey*, 201 F.3d 1136, 1140 (9th Cir. 2000); *King v. Greenblatt*, 53 F. Supp. 2d 117, 138 (D. Mass. 1999).  The court therefore agrees with Wattleton that he is not required to submit the certified prison account statement required of prisoners under 28 U.S.C. § 1915(a)(2).

Nonetheless, the application of Wattleton to proceed without prepayment of the filing fee must meet the requirements of 28 U.S.C. § 1915(a)(1).  This provision permits federal courts to authorize the commencement of a lawsuit without prepayment of the filing fee "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security."  28 U.S.C. § 1915(a)(1).  Despite the use of the phrase "such prisoner" in this statute, the affidavit requirement applies to all persons requesting leave to proceed *in forma pauperis*.  *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (per curiam); *Haynes v. Scott*, 116 F.3d 137, 139-40 (5th Cir. 1997); *Floyd v. United States Postal Serv.*, 105 F.3d 274, 275-77 (6th Cir. 1997), *abrogated in part by statute on other grounds*, *see Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999); *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).[2]  Moreover, the application to proceed without prepayment of the filing fee requires the applicant to sign under penalty of perjury that the information therein is true and correct.

     B.     <u>Financial Information Provided by Wattleton</u>

---

[2] The use of the word "prisoner" in 28 U.S.C. 1915(a)(1) appears to be a typographical error.  *See In re Perry v. Secretary of Hous. & Urban Dev.*, 223 B.R. 167, 169 n.2 (8th Cir. 1998); *Leonard v. Lacy*, 88 F.3d 181, 183 (2d Cir. 1996); 1 James Wm. Moore, et al., Moore's Federal Practice § 4.40[1] (3d ed. 2000).

Here, it appears that Wattleton has not provided all of the information required by 28 U.S.C. § 1915(a)(1) nor has he fully answered the questions in the application to proceed *in forma pauperis*. On the one hand, Wattleton states in his application that he has not received any income for the past twelve months, and that he does not have any cash or checking or savings accounts. On the other hand, Wattleton represents in another pleading filed with this court that he does have a trust fund account at FMC Devens (which the court considers to be a form of cash or a savings account) and that deposits are made to that account (suggestive of income). *See Wattleton v. John Doe*, 04-40206-PBS (D. Mass.) (docket entry 1, filed Oct. 14, 2004) (alleging that FMC Devens officials violated 28 U.S.C. § 1915 by collecting multiple filing fees simultaneously rather than sequentially).[3]

Thus, the accuracy of the information Wattleton has submitted to this court is suspect, and the court cannot make a finding that Wattleton is entitled to proceed *in forma pauperis*. Accordingly, the court denies the motion to proceed *in forma pauperis* without prejudice. Wattleton may file a new motion to proceed *in forma pauperis*; he is advised, however, that he must report in that application the source of any income he has received in the past year, including the source of deposits to any trust fund accounts. He must also treat trust fund accounts as cash or savings accounts when responding to question number four on the standard application provided by the court.

---

[3]Admittedly, Wattleton filed the petition in this approximately six weeks before filing his complaint in *Wattleton v. John Doe*. Nonetheless, the relatively small amount of time between the two filings leads the court to believe that Wattleton had a trust fund account at the time he filed the petition.

Further, although Wattleton clearly had a trust fund account and money was being deposited into that account at the time he filed the complaint in *Wattleton v. John Doe*, he represented in his application to proceed *in forma pauperis* in that case (docket entry 2) that he had not received income in the preceding twelve months and that he did not have cash or a savings account.

If Wattleton does not pay the filing fee or submit a new application to proceed *in forma pauperis* within forty-two days of the date of this order, this case will be dismissed without prejudice for failure to pay the filing fee.

II.     Screening of the Petition

The court also advises Wattleton that if the court grants an application to proceed *in forma pauperis*, his petition will be subject to the screening provisions of 28 U.S.C. § 1915(e)(2). Before summonses will issue, the court will make a preliminary determination as to whether Wattleton's lawsuit is frivolous or malicious, fails to a claim for relief, or seeks monetary relief against defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2).

In making such a determination, the court will guided by the Supreme Court's decision in *Lewis v. Casey*, 518 U.S. 343 (1996). In *Lewis*, the Court explained that a prisoner must show actual injury in order to demonstrate a violation of the right of access to the courts. 518 U.S. at 349. The Court defined actual injury as "a nonfrivolous legal claim [being] frustrated or ... impeded," *id.* at 353 (footnotes omitted), and also noted that "[d]epriving someone of a frivolous claim ... deprives him of nothing at all, except perhaps the punishment of Federal Rule of Civil Procedure 11 sanctions," *id.* at 353 n.3.; *see also Boivin v. Black* 225 F.3d 36, 43 n.5 (1st Cir. 2000). The fact that the Eleventh Circuit Court of Appeals found Wattleton's appeals to be frivolous will certainly bear significant weight in determining whether Wattleton has sufficiently alleged in his petition that he was deprived of a nonfrivolous claim.

CONCLUSION

Accordingly, the court denies without prejudice Wattleton's motion to proceed *in forma pauperis*. If Wattleton chooses to proceed with prosecution of this case, he must, within forty-two (42) days of the date of this order, pay the $150.00 filing fee or submit a new application for waiver of the filing fee containing all of the information requested therein and signed under pains of perjury.

The Clerk shall provide an application to proceed *in forma pauperis* to the plaintiff.

SO ORDERED.

 March 3, 2005                                                       /s/ Reginald C. Lindsay
DATE                                                                 UNITED STATES DISTRICT JUDGE